## WEBSTER v. ABBOTT et al.

(Supreme Court, Appellate Term. June 25, 1909.)

JUDGMENT (§ 707*)—CONCLUSIVENESS—PERSONS CONCLUDED—ASSIGNEE.

Plaintiff's assignor sold defendants goods, and defendants rendered professional services of about double the value of the goods furnished. The claim against defendants was assigned to plaintiff with their knowledge, and he sued thereon in the City Court, and defendants admitted receiving the goods, but pleaded the value of the services to plaintiff's assignor as a set-off, and thereafter defendants sued the assignor in the Municipal Court for the value of the services, and obtained judgment therefor after deducting the value of the goods. Held that, while plaintiff took the claim against defendants subject to existing equities between them and his assignor, he had a right to contest the value of defendants' services in the City Court, and the judgment in the Municipal

Court, to which he was not a party, was not res judicata of plaintiff's claim against defendant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

Appeal from City Court of New York, Trial Term.

Action by George Bruce Webster against Clark H. Abbott and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

. George D. Corey, for appellant.

George A. McLaughlin, for respondents.

PER CURIAM. A concern doing business under the name of the F. P. Bhumgara Company, between December 22, 1906, and November 14, 1907, sold and delivered goods to the defendants, who were copartners doing business as attorneys at law, which goods amounted, according to plaintiff's bill of particulars, to the sum of $766.79. This claim was sold to plaintiff on or about April 4, 1908, of which assignment defendants had notice. Between November, 1906, and May, 1908, the defendants had performed professional services for the said company, and their claim therefor amounted to the sum of $1,320. The plaintiff brought an action in the City Court to recover for the goods sold aforesaid upon his assigned claim. The defendants interposed an answer, admitting the receipt of the goods, but claiming that their value was but $400, and setting up that there was due them from the Bhumgara Company the sum of $920. Subsequently these defendants brought an action against the Bhumgara Company in the Municipal Court, setting forth that they had performed services to the amount as set forth in their answer in the City Court action, and averring that no part of the same had been paid, except the sum of $400, and asked for a judgment of $500 and costs. The Bhumgara Company appeared in the Municipal Court action and interposed a general denial. In the Municipal Court action the defendants admitted the receipt of goods amounting to $400 and were given a judgment against the Bhumgara Company for the sum of $414. The defendants in the City Court action then obtained leave to and filed and served a supplemental answer, setting up the recovery of the judgment in the Municipal Court, and averring that in that court the defendants had obtained a judgment as plaintiffs of $410, after deducting the sum of $400, the value of the goods sold to them by the Bhumgara Company, and claiming that that judgment was res adjudicata in the City Court action, and asked for a dismissal of that action. In the City Court the foregoing facts were shown, and the complaint was thereupon dismissed, and the plaintiff appeals.

It is clear that the defendants could not in this manner deprive the plaintiff of his right to recover. The plaintiff, when the City Court action was brought, was the owner of the claim of the Bhumgara Company against the defendants, and of this fact they had notice. Of course, the plaintiff took such claim subject to any equities which

existed between his assignor and the defendants; but he had a right to recover of the defendants the amount of their indebtedness to the Bhumgara Company in the City Court, or to have it determined in that action that the defendants' claim against the Bhumgara Company equaled or exceeded the value of the goods sold to them and assigned to the plaintiff. He also had a right to show the value of the goods sold and delivered by his assignor to defendants, and to contest the value of the defendants' services rendered to his assignor. The Bhumgara Company interposed no counterclaim or set-off to the plaintiffs' claim in the Municipal Court action, and very properly so, as they had none to interpose, having previously sold the same to the plaintiff herein. When the defendants sued the Bhumgara Company in the Municipal Court, they could not, by admitting that the claim of the Bhumgara Company against them amounted to the sum of $400 and having that sum deducted from the amount of their claim against the Bhumgara Company, deprive the plaintiff in that manner of his interest in his purchased claim. The defendants could have defeated the plaintiff's claim in the City Court by showing that their services equaled in value the amount of that claim, and could have had enough of their claim against the Bhumgara Company set off against the plaintiff's claim to extinguish the same, and held the Bhumgara Company for the balance, if any, or they could have refrained from interposing any counterclaim in the City Court action and sued the Bhumgara Company for the entire amount of their claim. The plaintiff herein was not a party to the Municipal Court action, and was in no way bound by it.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.